# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SONIA MAXWELL PURVIS | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. 3:19-cv-1161 |
| | ) | Judge Trauger/Frensley |
| CLARKSVILLE MONTGOMERY | ) | |
| COUNTY COMMUNITY ACTION | ) | |
| HEADSTART, et al. | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

By Order January 15, 2020, (Docket No. 4), the court referred this action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Plaintiff, Sonia Maxwell Purvis, filed this employment discrimination action against the Defendants after receiving a Notice of Right to Sue from the EEOC, alleging she was discriminated against in the terms and conditions of her employment on the basis of a disability and in retaliation for engaging in protected activity under OSHA. Docket No. 1.

The individually named Defendants filed a Motion to Dismiss for failure to state a claim (Docket No. 5) which was granted. Docket No. 15. The Plaintiff was ordered to file an Amended Complaint providing a more definitive statement of her claims and underlying factual allegations within 20 days of the entry of the Order denying without prejudice the motion to dismiss filed by Clarksville Montgomery County Community Action Head Start. Docket No. 15. The Plaintiff filed a Motion to Continue her case for 45 days based upon her medical condition to allow her more time to prepare for her case. Docket No. 16. The court construed the motion as a request to extend

the deadline for filing her Amended Complaint and granted the motion allowing her until

November 5, 2020, within which to comply with the court's order and file an Amended Complaint

providing a more definitive statement of her claims and underlying factual allegations. Docket No.

19. Plaintiff was forewarned that her failure to comply with the court's Order may lead to a

recommendation that her claims be dismissed. *Id.* The Plaintiff has not complied with this court's

orders to file an Amended Complaint or otherwise had any contact with the court since requesting

a continuance on September 21, 2020. Docket No. 16. The court must therefore determine if she

has abandoned her claims.

**LAW AND ANALYSIS**

A.      **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss

an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of

the court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing*

*Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700,

704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a

lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits

that have been pending for an unreasonable period of time without any action having been taken

by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to

set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable

delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and

avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736

(*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is

appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party

2

has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause  for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

**B.      The Case at Bar**

The undersigned finds that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders by the Plaintiff.

**1.      Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either

an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591(6ᵗʰ Cir 2001)). Here the Plaintiff has not filed an Amended Complaint despite being ordered to do so twice. Plaintiff was also advised of the consequences of failing to do so, thus she is still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), report and recommendation adopted by 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders). This factor weighs in favor of dismissal.

## 2.    Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute.

*Schafer*, 529 F. 3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F. 3d at 740.

There is no indication that the defendants wasted substantial time, money, or effort due to a lack of cooperation from Plaintiff. However, the Plaintiff's failure to take any steps to advance the litigation does prejudice the Defendant. All parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene. The court's order requiring Plaintiff to file an Amended Complaint was clear and direct. Docket No. 15. Her failure shows a failure to advance the litigation and comply with the court's order. Failure of a party to act after receiving an extension further shows a failure to advance the litigation as well as the disregard of the Federal Rules of Civil Procedure, Local Rules of Court and Orders of the Court. This likewise prejudices the moving party. Thus, this factor weighs in favor of dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (*quoting Stough*, 138 F. 3d at 615). Here, the Court expressly warned Plaintiff that failure to file an Amended Complaint providing a more definitive statement of her claims and underlying factual allegations by November 5, 2020 my result in a recommendation that her lawsuit be dismissed. Docket No. 18. This factor weighs in favor of dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here.

Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n. 5; see also *Mulbah*, 261 F. 3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. See *Schafer*, 529 F. 3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Id.* (quoting *Harmon*, 110 F. 3d at 367)).

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh" sanction. Plaintiff has been given every opportunity to participate in this litigation and has chosen not to do so. The Plaintiff has been given ample opportunity to cure the defects and specifically advised that her failure to cooperate and comply with the Court's orders could lead to dismissal. Docket No. 18. No further less drastic sanction would be appropriate in this case.

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas*

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides her with the opportunity to show good cause why the action should not be dismissed.

*v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S.  Magistrate Judge**

7